United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Javier Ferron-Ferri and Doraydee Rios-Castellon, Petitioners,<br><br>v.<br><br>Michael W. Meade, Field Office Director, Miami Field Office, U.S. Immigration and Customs Enforcement, and others, Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 20-20965-Civ-Scola |

### Order Denying Preliminary Injunction and Dissolving Stay

Before the Court is Petitioners Javier Ferron-Ferri and Doraydee Rios-Castellon's motion for a preliminary injunction. (ECF No. 4.) This matter was previously before the Court for a hearing on the Petitioners' emergency motion for a temporary restraining order, on March 4, 2020, at which both parties had an opportunity to present oral argument. After considering the written submissions, argument of counsel, and the relevant legal authorities, the Court granted the emergency motion, in part, and deferred consideration, in part, by paperless order on March 4, 2020. (ECF No. 7.) An order memorializing the Court's ruling followed on March 24, 2020. (ECF No. 10.) That order stayed Ferron's removal, pending further order from the Court. When the parties were thereafter unable to reach an independent resolution of this case, the Court ordered further briefing on both the Petitioners' motion for a preliminary injunction and their request for Ferron's release from the Government's custody. In addition, then, to what the Court has already considered, it now has before it both the Government's opposition (ECF No. 20) and Petitioners' reply thereto (ECF No. 24). After careful review, the Court **denies** the Petitioners' motion for a preliminary injunction and release from custody (**ECF No. 4**) and **amends** the stay restricting Ferron's removal.

### 1. Background

On December 22, 2018, Ferron, a Spanish citizen, was admitted to the United States as a visitor under the visa waiver program for a 90-day period of authorized stay pursuant to 8 U.S.C. § 1187(a)(1). Ferron's United States citizen wife, Rios, based upon the couple's marriage, filed a petition to classify Ferron as her immediate relative under §§ 1151(b)(2), 1154(a)(1)(A)(i). At the same time,

Ferron also filed an application seeking an adjustment of status under § 1255(c)(4). After these filings were denied, because the Petitioners failed to attend their scheduled interview with the United States Citizenship and Immigration Services—which the Petitioners claim was due to a lack of notice—the Petitioners reapplied on February 3, 2020.

While that application was pending, on February 12, 2020, immigration agents arrested Ferron at his home and ordered him removed under 8 C.F.R. § 217.4(b), as a Visa Waiver Program violator. (ECF No. 1-1 at 6-8.) Ferron then filed an application for an administrative stay of removal which was denied on February 28, 2020. (ECF No. 1-1 at 2.) Notice of the denial was emailed to Ferron's counsel on March 3, 2020, at 12:38 pm. (ECF No. 1-1 at 3-4.) The Petitioners filed a petition for a writ of habeas corpus that evening (ECF No. 1), as well as a motion, seeking, among other things, a preliminary injunction, that is now before the Court (ECF No. 4). The Court stayed Ferron's removal, pending further briefing and the Court's further consideration of the parties' submissions.

## 2. Jurisdiction

The Government maintains the Court lacks subject-matter jurisdiction over this case under three statutory sections: 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g). Under these provisions, Congress has restricted, and in some cases even eliminated, the jurisdiction of federal district courts to review, as relevant here, immigration removal orders. Here, however, the Petitioners have strategically framed their petition as "challeng[ing] ICE's legal authority to exercise its discretion, not the exercise of discretion itself." *Camarena v. Director, Immigration & Customs Enforcement*, Case No. 19-13446-DD, Order Staying Removal Pending Appeal, 9 (11th Cir. Sept. 23, 2019).[1] That is, the Petitioners are not, as prohibited by the statutory sections cited by the Government, challenging the validity of the underlying order of removal itself. The Court, therefore, does not find that the statutory sections cited by the Government bar the Court's jurisdiction in this case. *See id.* (noting that, in particular, § 1252(g) "does not proscribe substantive review of the underlying legal bases for [the Attorney General's] discretionary decisions and actions") (quoting *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1367 (11th Cir. 2006)).

---

[1] *Camarena* is a slip opinion and does not appear to be available on any readily-accessible electronic-subscription services. The Petitioners have provided a copy of the order at ECF No. 24-1. The Court cites to the page numbers indicated on that filing.

### 3. Standard of Review

The Court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered without the injunction; (3) the threatened injury to the movant outweighs any damage the injunction might cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The final two factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Because a preliminary injunction is "an extraordinary and drastic remedy," it should not be granted unless the "movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites." *Id.* (quotations omitted).

### 4. Analysis

After careful review, the Court finds the Petitioners have failed to carry their burden with respect to the four factors identified above.

#### A. Ferron has not demonstrated a substantial likelihood of success on the merits.

As the Petitioners repeatedly maintain, they do not challenge the order of removal itself. Instead, they argue the Government's execution of that order would deprive Ferron of what the Petitioners describe as Ferron's statutory and regulatory right to avail himself of the adjustment-of-status application process. In establishing Ferron's entitlement to this right, the Petitioners rely on the principles set forth in *Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954). In *Accardi*, "[t]he crucial question [wa]s whether the alleged conduct of the Attorney General deprived petitioner of any of the rights guaranteed him by the statute or by the regulations issued pursuant thereto." *Id.* at 265. Here, the Petitioners maintain Ferron is guaranteed administrative due process rights to avail himself of the entirety of the adjustment-of-status application process. And, they explain, if he is removed, he will be denied these rights. In short, say the Petitioners, "administrative law entitles them to a discretionary decision" regarding the adjustment application prior to Ferron's removal. (Pet'rs' Reply at 11.)

Without more, the Petitioners would appear to have a viable argument—an argument that seems to have carried the day in a number of other cases in this district, as well as others. (See Pet'rs' Mot. at 6–7 (collecting cases).) But, in this case, there is more. Unlike any of the other cases cited, in which the Petitioners' argument succeeded, here, Ferron was admitted into the United

States through the Department of State's Visa Waiver Program. 8 U.S.C. § 1187(a)). This program allows foreign citizens from specific countries, including Spain, to visit the United States for ninety days without obtaining a visa. *See* 8 U.S.C. § 1187(a); *Gomez v. United States AG*, 781 Fed. App'x 921, 923 (11th Cir. 2019). In return for the benefit of not having to apply for a visa, Visa Waiver Program applicants must "waive any right 'to contest, other than on the basis of an application for asylum, any action for removal.'" *Gomez*, 781 Fed. App'x at 922 (quoting 8 U.S.C. § 1187(b)(2)). This is known as the "VWP waiver." 8 U.S.C. § 1187(b)(2).

"[T]he express language of 8 U.S.C. § 1187(b) unambiguously limits an alien's means of contesting removal solely to an application for asylum." *McCarthy v. Mukasey*, 555 F.3d 459, 460 (5th Cir. 2009) (quoting *Nose v. Attorney General*, 993 F.2d 75, 80 (5th Cir.1993). To date, at a minimum, the Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have all readily "concluded that aliens who file for an adjustment of status after the expiration of the ninety-day period waive their right to contest a subsequent removal order." *McCarthy*, 555 F.3d at 461 (collecting cases); *see also Bayo v. Napolitano*, 593 F.3d 495, 507 (7th Cir. 2010) (collecting cases); *Bingham v. Holder*, 637 F.3d 1040, 1047 (9th Cir. 2011) ("The alien signing the VWP form gives up any right to challenge removal, except on asylum grounds, if he or she overstays the grant of time permitted by the VWP."); *Gomez*, 781 Fed. App'x at 923 (noting, in passing, § 1187(b) requires "VWP entrants to waive any right to contest their removal"). Here, the Petitioners do not dispute that Ferron's now pending application for adjustment was filed after the expiration of the ninety-day period following his entry. Nor do they in any way contest the constitutionality of the application of the VWP waiver to Ferron's case. The Petitioners also do not complain about any conflict imposed by the summary-removal process provided for by 8 U.S.C. § 1187(b) and the adjustment provision of § 1255(c)(4). (Pet'rs' Reply at 11.) Instead, they simply maintain "nothing in § 1255 (or in § 1187) bars adjustment when an order of removal exists." (*Id.*) But while this may be true— that an assessment of an adjustment application *may* proceed despite the existence of a removal order—the Petitioners fail to explain how this proposition alone would enable Ferron to circumvent the consequences of the unambiguous language of § 1187 and his waiver of any right to contest the execution of the instant removal order.

Additionally, Ferron does not argue that the circumstances of his case warrant the application of, for example, an exception to the consequences to his participation in the Visa Waiver Program. It is undisputed that Ferron has overstayed. And "an alien who overstays his authorized time under the VWP and files for an adjustment of status after he has overstayed, but before the issuance

of a removal order, has waived his right to contest a subsequent removal order through a renewed application for adjustment of status, or to otherwise seek review of the previously filed adjustment of status." *McCarthy*, 555 F.3d at 461–62 (quoting *Ferry v. Gonzales*, 437 F.3d 1117, 1128 (10th Cir. 2006)). Accordingly, any statutory or regulatory right Ferron might claim to a decision on his application, under *Accardi*, even if recognized by this Court, would be precluded by Ferron's participation in the Visa Waiver Program.

Ultimately, then, because of Ferron's participation in the Visa Waiver Program, the Petitioners have not established that any statute or regulation guarantees him the unfettered right to have his adjustment application decided prior to the execution of his removal order. Any right Ferron might have to an administrative decision, under *Accardi*, is precluded by his participation in the Visa Waiver Program. "Indeed, the government ordinarily can remove a VWP overstay 'without referral' to an IJ, precluding the alien from seeking a fraud waiver—*or any other form of relief* besides asylum.". *Gomez*, 781 Fed. Appx. at 925 (quoting 8 C.F.R. § 217.4(b)(1)) (emphasis added).

### B. Remaining Preliminary-Injunction Factors.

Even though the Court agrees Ferron will suffer irreparable harm as a result of his removal, his failure to demonstrate any likelihood of success on the merits dooms his application for a preliminary injunction. Further, enforcing Ferron's removal order, of which the Petitioners do not dispute the validity, furthers the public's "interest in enforcing federal law." *Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1308 (S.D. Fla. 2018) (Moreno, J.)

### 5. Conclusion

The Court is sympathetic to the Petitioners' plight here. According to their allegations, Ferron's first application for adjustment was denied because of an unfortunate mix up with the Petitioners' mail. If these allegations are true, Immigration and Customs Enforcement's decision to arrest Ferron and order him removed, a week after he submitted his second application, appears severe: doubly so in light of the Government's averment that USCIS will likely be able to adjudicate Ferron's application by April 30. (Jt. Status Rep., ECF No. 14, 5.) But, the Petitioners have not supplied any support, considering Ferron's undisputed status as a Visa Waiver Program overstay, that would enable the Court to afford the Petitioners the relief they now seek. Accordingly, the Court **denies** the Petitioners' motion for a preliminary injunction (**ECF No. 4**). Because the Court finds Ferron is detained subject to a removal order (the validity of which is unchallenged) as a Visa Waiver Program overstay, it also denies the Petitioners' request for Ferron's release.

Despite the denial of the preliminary injunction, however, the Court affords the Petitioners a **limited stay** of Ferron's removal, through **Monday, April 27, 2020**, to allow him to seek a further stay from the Eleventh Circuit. Absent action from the Eleventh Circuit, the stay will automatically lift as of April 28.

**Done and ordered** at Miami, Florida, on April 17, 2020.

Robert N. Scola, Jr.
United States District Judge